UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

-------------------------------------------------------
:
UNITED STATES OF AMERICA,    :   Case No. 1:15-CR-302
                             :   Case No. 1:17-CV-2213
    Plaintiff,           :
                             :
v.                           :   OPINION & ORDER
                             :   [Resolving Doc. 37, 1:15-CR-302]
JOI C. TATE,                 :   [Resolving Doc. 1, 1:17-CV-2213]
                             :
    Defendant.           :
                             :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Joi C. Tate petitions for a writ of habeas corpus under 28 U.S.C. § 2255.[1] With her petition, Tate argues that she should not have to pay the full amount of the Court's restitution order. For the reasons below, the Court **DISMISSES** Tate's petition.

## I. BACKGROUND

On September 21, 2015, Tate pleaded guilty to Count 1 for conspiracy to make false claims; Count 27 for false claims; and Count 28 for aggravated ID theft.[2] The Court accepted the plea agreement reached between the government and Tate.[3] That plea agreement contained a section entitled "Waiver of Appeal and Post-Conviction Attack."[4] Under that section, Tate waived the vast majority of her appellate and post-conviction rights regarding her sentence, "including a proceeding under 28 U.S.C. § 2255."[5] The plea-agreement waiver stated:

> Defendant expressly and voluntarily waives those rights, except as specifically reserved below. Defendant reserves the right to appeal: (a) any punishment in excess of the statutory maximum; or (b) any sentence to the extent it exceeds the maximum of the sentencing imprisonment range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and computations in this agreement, and the mandatory consecutive two-year sentence for Count 28, using the

---

[1] Doc. 37.
[2] Doc. 19.
[3] Doc. 21.
[4] *Id.* at ¶ 26.
[5] *Id.*

Case No. 1:15-CR-302
Gwin, J.

> Criminal History Category found applicable by the Court. Nothing in this paragraph shall act as a bar to Defendant perfecting any legal remedies Defendant may otherwise have on appeal or collateral attack with respect to claims of ineffective assistance of counsel or prosecutorial misconduct.[6]

On January 6, 2016, the Court sentenced Tate to 32 months of imprisonment, imposed a $300 special assessment fee, and ordered restitution of $326,265.00.[7] On January 8, 2016, the Court entered its judgment.[8]

Tate did not file a direct appeal. Tate executed and signed her § 2255 petition on October 16, 2017.[9] But she says she placed it in the prison mailing system on September 30, 2017.[10] In her petition, Tate asserts that she should not have to pay the full restitution amount since she was not solely responsible for the loss.[11] The government opposed.[12] Tate did not file a reply.

## II. LEGAL STANDARD

28 U.S.C. § 2255 gives a post-conviction means of collaterally attacking a federal conviction or sentence that violates federal law. Section 2255(a) provides four grounds upon which a federal prisoner may challenge his conviction or sentence:

> that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

To prevail on a § 2255 motion alleging a constitutional error, the movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings."[13] Non-constitutional errors are generally outside the scope of § 2255 relief.[14] A

---

[6] *Id.*
[7] Doc. 32.
[8] Doc. 33.
[9] Doc. 37 at 12.
[10] *Id.*
[11] *Id.* at 4.
[12] Doc. 41.
[13] *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).
[14] *See United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000).

defendant alleging a non-constitutional error can only prevail by establishing a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process."[15]

### III. ANALYSIS

**A. Tate's petition is time-barred.**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a one-year statute of limitations applies to § 2255 petitions. Here, the limitations period began to run from "the date on which the judgment of conviction [became] final."[16]

The Court sentenced Tate on January 6, 2016, and entered its judgment and conviction on January 8, 2016. Tate's conviction and sentence became final upon expiration of the fourteen-day period during which she could have appealed.[17] Thus, Tate's deadline for filing a § 2255 petition was January 22, 2017.

Under the mailbox rule, the filing date for a *pro se* petition is the date that a petitioner delivers it to prison authorities.[18] Tate says she placed the petition in the prison mailing system on September 30, 2017 but then says she executed it on October 16, 2017. Either way, Tate filed her petition long after January 22, 2017, and it is therefore time-barred.

**B. No Tolling Applies.**

Tate argues that the one-year statute of limitations does not bar her motion because she "didn't have any knowledge of being able to contest what [she] was convicted of" and because "[n]o one told [her] that this was possible to file this motion."[19]

---

[15] *See United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal citation omitted).
[16] 28 U.S.C. § 2255(f)(1).
[17] *See United States v. Sanchez-Castellano*, 358 F.3d 424, 427 (6th Cir. 2004); Fed. R. App. P. 4(b)(1)(A).
[18] *Houston v. Lack*, 487 U.S. 266, 275 (1988).
[19] Doc. 37 at 10.

Case No. 1:15-CR-302
Gwin, J.

Courts may equitably toll AEDPA's one-year statute of limitations, but only if the petitioner can demonstrate "'(1) that [s]he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in h[er] way and prevented timely filing.'"[20] Federal courts use the equitable tolling doctrine "sparingly."[21] In addition to equitable tolling, AEDPA also excuses untimely petitions where there is a showing of actual innocence.[22]

Tate's explanation does not demonstrate either element of equitable tolling. In fact, the Sixth Circuit has held that "ignorance of the law alone is not sufficient to warrant equitable tolling."[23] Tate does not allege that anything, let alone an "extraordinary circumstance," prevented her from obtaining assistance in filing her § 2255 petition. Tate also does not make any showing of actual innocence.

Therefore, the Court will not toll the statute of limitations here and **DISMISSES** Tate's motion as time-barred.

### C. Even if Tate's motion were not time-barred, she cannot challenge the restitution order in a § 2255 petition.

Tate cannot challenge the Court's restitution order in a § 2255 petition.

First, the Sixth Circuit has held that "[i]n general, fines or restitution orders fall outside the scope of the federal habeas statute because they do not satisfy the 'in custody' requirement of a cognizable habeas claim."[24]

Second, even if challenges to restitution were cognizable, Tate waived any right to challenge the restitution order through a § 2255 petition in her plea agreement.

---

[20] *Jefferson v. United States*, 730 F.3d 537, 549 (6th Cir. 2013) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).
[21] *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010).
[22] See *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009).
[23] *Rose v. Dole*, 954 F.3d 1331, 1335 (6th Cir. 1991).
[24] *Washington v. McQuiggin*, 529 F. App'x 766, 773 (6th Cir. 2013).

Case No. 1:15-CR-302
Gwin, J.

The Sixth Circuit has consistently held that plea-agreement waivers of § 2255 rights are enforceable as long as the waiver was entered into knowingly and voluntarily.[25]

Here, Tate agreed to waive any challenge of her conviction or sentence through a post-conviction § 2255 proceeding, except any punishment above the statutory maximum or any sentence exceeding the maximum sentencing guidelines. Restitution orders are not subject to statutory maximums or maximum sentencing guidelines, and therefore challenges to such orders cannot qualify as exceptions to Tate's plea-agreement waiver.[26] Furthermore, Tate "expressly and voluntarily waive[d]" her appeal rights, and she does not allege otherwise in her petition. Her plea-agreement waiver is thus enforceable.

Accordingly, even if Tate's petition were not time-barred, the Court would dismiss her challenge to the restitution order.[27]

### IV. CONCLUSION

For these reasons, this Court **DISMISSES** Tate's petition. The Court certifies that no basis exists upon which to issue a certificate of appealability.[28]

IT IS SO ORDERED.

Dated: January 23, 2018      *s/    James S. Gwin*
                             JAMES S. GWIN
                             UNITED STATES DISTRICT JUDGE

---

[25] *Cox v. United States*, 695 F. App'x 851, 853 (6th Cir. 2017).
[26] *See United States v. Sharp*, 442 F.3d 946, 952 (6th Cir. 2006) (finding defendant could not appeal restitution order where plea-agreement waiver of appeal only excluded sentences above statutory maximum or sentence above sentencing guidelines).
[27] Because the plea agreement here conclusively shows Tate's challenge to the restitution can be dismissed, the Court need not conduct an evidentiary hearing on this matter. *See Bryan v. United States*, 721 F.2d 572, 577 (6th Cir. 1983) ("A hearing is unnecessary where, as here, the motion, files and records conclusively show that the prisoner is not entitled to relief.").
[28] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

-5-